**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                              Case No. _03-cr-019-01-PB

Luis Rios

**O R D E R**

    Defendant moves for the appointment of counsel to assist him in seeking a reduction to his sentence, and requested a sentence reduction, based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 24).  For the reasons stated below, the motion to appoint counsel is DENIED.

    On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment. The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected. The retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender.

Therefore, for the foregoing reasons, Defendant's motion to appoint counsel to assist him in seeking a sentence reduction, and his request for a sentence reduction (document no. 24), is DENIED.

**SO ORDERED.**

Date: February 29, 2008        /s/ Paul Barbadoro
                               Paul Barbadoro
                               United States District Judge


cc:   Luis Rios, pro se
      Counsel of Record